IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**GESELE Y. JONES**
6525 Livingston Road, #103
Oxon Hill, MD 20745

Plaintiff,

v.

**PRESTIGE FINANCIAL SERVICES, INC.**
1420 South 500 West
Salt Lake City, UT 84115

Defendant.

Case No. ________________

**NOTICE OF REMOVAL**

Defendant, Prestige Financial Services, Inc., by its attorneys, files this Notice of Removal and related papers pursuant to 28 U.S.C. §§ 1441, 1332 and 1446 to remove the action styled as *Jones v. Prestige Financial Services, Inc.*, Civil No. CAL10-18634, from the Circuit Court for Prince George's County, Maryland, to the United States District Court for the District of Maryland, and in support states the following:

**FILING AND SERVICE OF COMPLAINT**

1. ***The Complaint.*** On June 15, 2010 Plaintiff filed this action in the Circuit Court for Prince George's County, Maryland ("State Court") by way of a Complaint filed against Defendant alleging violations of §§ 12-1021, 13-301, and 13-303 of the Commercial Law Article of the Annotated Code of Maryland relating to the alleged repossession and sale of automobiles

by Defendant (the "Complaint"). On June 16, 2010 the State Court issued a 30 day Writ of Summons.

2. *Service on Defendant.* On July 12, 2010 Defendant was served with a copy of the Complaint and Writ of Summons by service upon its resident agent, The Corporation Trust, Inc. No further proceedings have occurred in the case in State Court.

3. *Attachment of Copies of Pleadings*. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached hereto as Exhibit A a copy of all process, pleadings, and orders arising from Plaintiff's Complaint and served to date on Defendant.

**JURISDICTION AND VENUE**

4. *Basis for Federal Jurisdiction.* This Court has original jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1332(a). As set forth below, Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Maryland; (ii) this action is between citizens of different states; and (iii) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. *Venue.* Venue lies in the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) and Local Rule 501.2, because Plaintiff filed the Complaint in the Circuit Court for Prince George's County, Maryland. However, pursuant to Local Rule 501.1, Defendant respectfully requests that this case be assigned to the Honorable Benson Everett Legg in the Northern Division where a related class

action case is currently pending.[1] Plaintiff is a member of the putative class and the averments in her complaint are identical to those in the class action complaint. With respect to the class action, the dispute was mediated and settled. Judge Legg held a fairness hearing on July 1, 2010 and preliminarily certified the class and approved the settlement. The final fairness hearing is scheduled for November 10, 2010.

**CITIZENSHIP OF PARTIES**

6. ***Plaintiff's Citizenship.*** According to the allegations in the Complaint, and on information and belief, at the time this action was commenced and at all times through the present, the Named Plaintiff, Gesele Y. Jones, was and remains a citizen of Prince George's County, Maryland. Complaint at ¶ 1. For purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Maryland.

7. ***Defendant's Citizenship.*** Defendant Prestige Financial Services, Inc. is a corporation organized under the laws of the State of Utah with a principal business address at 1420 South 500 West, Salt Lake City, UT 84115. For the purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Utah. Defendant was a citizen of Utah at the time this action was commenced and has remained a citizen of Utah at all times through the present. *See* 28 U.S.C. § 1332(c)(1); Complaint at ¶ 2.

8. ***Existence of Complete Diversity.*** For the reasons described in the preceding paragraphs, complete diversity exists between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a)(1).

---

[1] *Tanya Miller et al. v. Prestige Financial Services, Inc.*; Case. No. L-09-1671.

## GROUNDS FOR REMOVAL

9. ***Plaintiff's Alleged Damages.*** The amount in controversy exceeds the sum or value of $75,000.00, excluding interest and costs.

10. ***Plaintiff's Request for Injunctive Relief.*** In addition to monetary damages in the amount of $75,000.00, Plaintiff demands (1) a "preliminary and permanent injunction prohibiting PRESTIGE from collecting or attempting to collect alleged deficiency balances, or interest, fees, costs or other charges from [Plaintiff];" and (2) an order that Prestige "request the deletion of PRESTIGE's tradeline related to the Finance Agreement at issue in this matter from [Plaintiff's] credit reports." Complaint, last page, ¶¶ 2, 3. A court should consider the value of injunctive relief when determining the amount in controversy. *See Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002); *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204-05 (4th Cir. 1979); *Gonzalez v. Fairgale Properties Co.*, 241 F.Supp.2d 512, 517 (D.Md. 2002) (citing *Government Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964). Injunctive relief, if granted, would prohibit Prestige from collecting the outstanding balance owed by Plaintiff while also allowing Plaintiff to avoid fees to defend against a suit to collect the balance owed. Injunctive relief regarding Plaintiff's credit history, if granted, would enhance her credit score and thereby decrease lending costs.

11. ***Plaintiff's Request for Fees.*** In addition to her demand for monetary damages and injunctive relief, Plaintiff in her Complaint demands "reasonable counsel fees." Complaint, last page, ¶ 8. In Count III of her Complaint, Plaintiff alleges violations of Maryland's Consumer Protection Act ("MDCPA"), Md. Comm. Law Code Ann. § 13-101 *et seq*. Complaint, ¶¶ 26-36. The MDCPA expressly authorizes the award of attorney's fees. *See*. § 13-408(b).

Attorney's fees should be considered in determining whether the amount in controversy requirement has been met. *See Biktasheva v. Red Square Sports, Inc.*, 366 F.Supp.2d 289, 294-95 (D.Md. 2005); *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 509 (D.Md. 2002); *Gilman v. Wheat, First Securities, Inc.*, 896 F.Supp. 507, 510 (D.Md. 1995). Even just one hour in attorney's fees to date for the preparation of the Complaint would increase Plaintiff's damages demand beyond $75,000.00.

12. ***Total Amount in Controversy***. Given the demands for relief set forth in Paragraphs 9 through 11 above, the amount in controversy exceeds $75,000.00 because Plaintiff seeks a judgment of $75,000.00, two injunctions, and attorney's fees.

13. ***Summary of Right to Remove***. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff and the Defendant, the Defendant is not a citizen of the state in which this action was brought, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**PROCEDURAL MATTERS**

14. ***Timeliness of Filing***. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed with this Court within thirty (30) days after the July 12, 2010 service on Defendant of the Complaint and Summons.

15. ***Notice of Filing Notice of Removal***. Upon filing of this Notice of Removal, Defendant shall provide prompt written notice to Plaintiff's attorneys and shall file and serve a copy of this Notice with the clerk of the Circuit Court for Prince George's County, Maryland.

16. ***Copy of Pleadings in State Court Action***. Pursuant to Local Rule 103.5.a, Defendant shall file within thirty (30) days of this notice, true and legible copies of all other documents on file in the Circuit Court for Prince George's County, Maryland in Plaintiff's state court action. Furthermore, Defendant has attached a copy of all process, pleadings, and orders arising from Plaintiff's Complaint and served to date on Defendant to this Notice.

17. ***Compliance with Rule 11***. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedures.

WHEREFORE, Defendant Prestige Financial Services, Inc. prays that the action pending against it in the Circuit Court for Prince George's County, Maryland be removed to this Court.

Dated this 4th day of August, 2010.

Michael R. Naccarato (Bar No. 29023)
Email: mrnaccarato@gandwlaw.com
Francis J. Gorman, P.C. (Bar No. 00690)
Email: fjgorman@gandwlaw.com
**GORMAN & WILLIAMS**
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
Telephone: (410) 528-0600
Facsimile: (410) 528-0602

***Attorneys for Defendants***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GESELE Y. JONES**<br>6525 Livingston Road, #103<br>Oxon Hill, MD 20745<br><br>Plaintiff,<br><br>v.<br><br>**PRESTIGE FINANCIAL SERVICES, INC.**<br>1420 South 500 West<br>Salt Lake City, UT 84115<br><br>Defendant. | Case No. ________________ |

CERTIFICATE OF SERVICE

I CERTIFY that on this 4th day of August, 2010 a copy of the foregoing Notice of Removal was served by first-class mail, postage prepaid, addressed to:

Bernard T. Kennedy
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037

Michael R. Naccarato