IN THE CIRCUIT COURT OF PRINCE GEORGES COUNTY MARYLAND

GESELE Y. JONES
6525 Livingston Road, #103
Oxon Hill, MD 20745

    Plaintiff,

V

PRESTIGE FINANCIAL SERVICES, INC.
1420 SOUTH 500WEST
SALT LAKE CITY, UT 84115
Serve on:
THE CORPORATION TRUST INC.
300 E. LOMBARD ST.
BALTIMORE, MD 21202

CIVIL ACTION NO.

CAL10-18634

    1.    Defendant.    JUNE 15, 2010

## COMPLAINT

### COUNT I:

1. Plaintiff Gesele Y. Jones, ("Ms. Jones") is a resident of Oxon Hill, Prince Georges County and State of Maryland.

2. Defendant Prestige Financial Services, Inc., ("PRESTIGE") is a foreign Corporation organized under the laws of Utah and it principal place of business is Utah. PRESTIGE is authorized to do business in Maryland.

3. This Court has jurisdiction over this case under Md. Cts. & Jud. Pro. § 6-103(b) because PRESTIGE transacts business and provides services in Maryland, regularly does and

solicits business in Maryland, and engages in other persistent courses of conduct in Maryland.

4. Venue is proper in this Court under Md. Cts. & Jud. Pro. § 6-201, because PRESTIGE carries on regular business in Maryland.

5. On or about December 29, 2006, Ms. Jones purchased a used 2006 Ford Taurus ("Vehicle") from Car Center of Waldorf, Maryland ("Waldorf"). Ms. Jones' purchase was financed through a Retail Installment Sale Contract ("RISC"). See Exhibit 1.

6. Ms. Jones purchased the Vehicle for personal, household and family use.

7. Waldorf arranged financing for Ms. Jones and assigned the RISC to PRESTIGE that accepted the contract and received monthly payments from her. See Exhibit 1.

8. On or about May 27, 2009, PRESTIGE and/or its agents repossessed the Vehicle.

9. On or about May 27, 2009, PRESTIGE notified Ms. Jones that her Vehicle was repossessed and that she must pay the entire loan in full or makes acceptable payment arrangement, plus interest within the next fifteen (15) days. If she failed to do so, the Vehicle will be advertised for sale, or sold at a private auction. Exhibit 2. The form letter was deficient in that it failed to inform her:

a. The exact location where the Vehicle is stored.

b. The address where any payment is to be made.

c. Whether the sale would be public or private.

d. PRESTIGE violated its agreement by accelerating the contract.

10. On or about July 10, 2009 PRESTIGE, by U.S. Mail notified Ms. Jones that the Vehicle would be sold at a public sale on July 23, 2009. See Exhibit 3.

11. On July 23, 2009 a call was placed to Manheim Auto Auction, the named location provided to Ms. Jones in Exhibit 3, and Plaintiff was advised by "Rose" at Manheim

Auto Auction that the auction is not opened to the public but rather is a private auction for "Dealers only".

12. Ms. Jones Vehicle was sold at a "private sale" rather than at a "public auction" as stated in PRESTIGE's Exhibit 3. Ms. Jones was not provided accurate notice or in the alternative was denied access to the public auction by its auctioneer.

13. Up to June 2, 2010, Ms. Jones had not received a post sale notice of her Vehicle that was allegedly sold on July 23, 2009. She contacted PRESTIGE and they mailed her a post sale notice dated October 5, 2009 that stated the Vehicle was sold at a public sale and was sold for $4,800. "The proceeds of the sale have been applied as explained below. If you financed a premium a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium." See Exhibit 4. (Note the balance of the Exhibit is blank).

14. Maryland Credit Grantor Closed End Credit Provisions ("CLEDC") Md. Comm. Law Code Ann., § 12-1001 et seq. governs PRESTIGE's extension of credit to Ms. Jones. CLEC requires that credit grantors such as PRESTIGE sell repossessed vehicles in a commercially reasonable manner; provide a full accounting of sale proceeds and disclosure of certain material facts to its borrowers.

15. PRESTIGE's form notice attached as Exhibit 2, violated CL § 12-1021(e), for the reasons set forth in ¶ 9, above. The location where the Vehicle is stored; the address where payment is to be made and PRESTIGE's inaccurate disclosure of accelerating the note is a material fact which is required by the CLEC provisions set forth above. By failing to accurately inform Ms. Jones of the above information, PRESTIGE denied her important rights and violated CLEC's requirements.

16. PRESTIGE's notice attached as Exhibit 3 (the Post-Sale Notice) also violates CL § 12-1021(j)(2) by failing to make a full accounting required by this statute for vehicles sold at public sales. Among it deficiencies PRESTIGE's notice to Ms. Jones (1) the actual and reasonable cost of the sale; (2) the actual and reasonable cost of retaking and storing the property; and, (3) the unpaid balance owing under the agreement at the time the property was repossessed

17. Absent strict compliance with the statutory required notices regarding repossession, a Maryland credit grantor many not lawfully assess or collect any deficiency from consumer borrowers, or any other person liable under the contract, following disposition of the repossessed property.

**COUNT II: DECLARATORY AND INJUNCTIVE RELIEF**

18. The allegations of paragraphs 1-17 are repeated and realleged as if fully set forth herein.

19. This claim for declaratory relief is brought under Maryland Declaratory Judgment Act, Md. Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit contract of Ms. Jones within Maryland's Credit Grantor Closed End Credit Provisions.

20. Ms. Jones will received collection notices from PRESTIGE and/or debt collectors demanding payment of the alleged deficiency balance, and will be sued for collection of the sums which PRESTIGE claims are due. PRESTIGE also notifies credit reporting agencies to which it reports (including Equifax, TransUnion and Experian) of the alleged balances due, thereby damaging the credit scores and history of Ms. Jones.

21. These practices continue and will continue unless and until this Court declares and affirms that PRESTIGE may not collect any alleged deficiency balance.

22. This presents an actual, justiciable controversy between the parties relating to the construction of the credit contract of Ms. Jones and the application of Maryland's Credit Grantor Closed End Credit Provisions because PRESTIGE has sought to collect on the alleged deficiency balances, including through filing a collection action in court and PRESTIGE continues to harm Ms. Jones by reporting false and derogatory information to credit report agencies regarding the account in question.

23. Ms. Jones has a right to be free from PRESTIGE's attempt to collect deficiency balances, interest, fees, costs and other charges which are not collectible as a matter of law and under the terms of its contract with her.

24. The benefit to Ms. Jones in obtaining an injunction outweigh any potential harm PRESTIGE would incur as a result of an injunction, under the balance of harms test, as PRESTIGE has no legal or contractual right to collect deficiency balances her.

25. Ms. Jones will suffer irreparable injury unless the requested injunction is granted as PRESTIGE will continue to collect deficiency balances, interest, costs, fees and other charges from them violation of the law, and PRESTIGE will report erroneous and derogatory information to the credit reporting agencies regarding her based on illegally imposed charges.

**COUNT III:   MARYLAND CONSUMER PROTECTION ACT**

26. The allegations of paragraphs 1-25 are repeated and realleged as if fully set forth herein.

27. Maryland's Consumer Protection Act ("CPA"),Md. Comm. Law Code Ann., § 13-101 et seq., prohibits any "person" from engaging in any unfair or deceptive trade practices regarding, among other things, the extension of consumer credit and in the collection of consumer debts. CL § 13-303(3) and (4).

28. As a "person" under the CPA, CL § 13-101(h), PRESTIGE is prohibited from engaging in unfair and deceptive trade practices.

29. The CPA specifically prohibits PRESTIGE from making any false or misleading oral or written statement or other representation of any kind which has the capacity, and tendency or effect of deceiving or misleading consumers (CL§ 13-301(1).

30. The CPA further prohibits PRESTIGE from failing to state a material fact if the failure deceives or tends to deceive (CL § 13-301(3).

31. In violation of CPA, CL § 13-303(3) – (4) and § 13-301(1) and (3), PRESTIGE told Ms. Jones in writing that her agreement with them was accelerated and failed to tell her the location where her vehicle was stored and an address where any payment is to be made. Further PRESTIGE notified Ms. Jones she owed them $13,554.24 plus a Daily Interest Charge of $6.94 since May 27, 2009. In fact, Ms Jones did not owe and which PRESTIGE could not collect, due to its failures to comply with the law. These written statements were false and misleading and tended to and did deceived Ms. Jones.

32. In violation of the CPA, CL § 13-303(3)-(4) and § 13-301 (1) and (3), PRESTIGE failed to disclose to Ms. Jones that the alleged "public sale" scheduled for July 23, 2009 at Manheim Auto Auction, Fredericksburg, VA was in fact a" private auction", for "dealers only", as confirmed by Rose of Manheim Auto Auction. These written

statements were false and misleading and tended to and did deceived Ms. Jones. PRESTIAGE's failed to disclose material facts that it did not have the right to collect a deficiency judgment. The failure to disclose material facts caused concerns to Ms. Jones and damaged her credit reputation.

33. In violation of the CPA, CL § 13-303 (3)-(4) and § 13-301 (1) and (3) PRESTIGE's (Post-Sale Notice) were false and misleading and tended to and did deceive Ms. Jones by failing to inform her of (1) the actual and reasonable cost of the sale, (2) the actual and reasonable cost of retaking and storing the property;

34. PRESTIGE committed unfair and deceptive practices by collecting and attempting to collect on an alleged debt which, if fact, was not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA § 13-101 et seq., including CL §13-303(3) and (4) and § 13-301(1) and (3).

35. As a result of PRESTIGE's unfair and deceptive trade practices in violation of the CPA, Ms. Jones was induced to make payments to PRESTIGE on alleged deficiency balances, causing Ms. Jones injury or loss.

36. In violation of § 13-303(3) – (4) and § 13-301(1) and (3), and as part of an effort to compel Ms. Jones to make payments which were not duce, PRESTIGE made false and misleading reports to credit reporting agencies regarding the amounts which Ms. Jones owed on her account.

       WHEREFORE, Ms. Jones pray that the following relief be granted to her.

       1. The Court enter a declaratory judgment establishing the PRESTIGE may not collect any claimed deficiency balance, or any interest, fees, costs or other charges on a loan account of Ms. Jones.

2. The Court enter an order granting Ms. Jones a preliminary and permanent injunction prohibiting PRESTIGE from collecting or attempting to collect alleged deficiency balances, or interest, fees, costs or other charges from her.

3. The Court enter an order that PRESTIGE will request the deletion of PRESTIGE's tradeline related to the Finance Agreement at issue in this matter from Ms. Jones' credit reports.

4. The Court order that PRESTIGE pay Ms. Jones the statutory penalties imposed by CLEC, CL § 12-1018(a)(2) all sums paid as interest, costs, fees or other charges;

5. The Court enter judgment in favor of Ms. Jones in the amount of all sums paid by her toward the claimed deficiency balance, interest, fees, costs and other charges.

6. Pursuant to CL § 121018(b), the Court enter judgment in favor of Ms. Jones against PRESTIGE in an amount three times the interest, costs, fees, and other charges which PRESTIGE collected in excess of that allowed by CLEC;

7. The Court enter an award of pre-judgment and post-judgment interest of all sums award to Ms. Jones.

8. The Court award to Ms. Jones reasonable counsel fees and the costs of these proceedings; and

9. The Court order such other and further relief as the nature of the case may require.

10. In order to comply with recent Maryland case law, taking into consideration treble damages, cancellation of alleged debt and compensatory damages for injuries or losses, the ad damnum clause at this time, subject to later modification upon further discovery is $75,000 (Seventy Thousand Dollars).

BY_____

Bernard T. Kennedy, Esquire
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
bernardtkennedy@yahoo.com
COUNSEL FOR THE PLAINTIFF